PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. BROWN, JR., | ) | |
| | ) | CASE NO.  5:13CV2842 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHELE MILLER, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 22, 23, and 24] |

*Pro Se* Petitioner Michael E. Brown, Jr. filed a Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging three grounds for relief which challenge the

constitutional sufficiency of his conviction in Summit County, Ohio Court of Common Pleas

Case No. CR-2011-03-0741.  The case was referred to Magistrate Judge Greg White for a Report

and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  The Magistrate

Judge subsequently issued a Report and Recommendation (ECF No. 21).  In his Report, the

Magistrate Judge recommends that the Court dismiss the petition because Petitioner procedurally

defaulted his first, second, and third grounds for relief.  Petitioner filed timely Objections to the

Magistrate Judge's Report (ECF No. 22).  The Court, after reviewing the objections, hereby

adopts the Report and denies the Petition.

Petitioner also filed a Motion for Certificate of Appealablity (ECF No. 23) and a Motion

to Supplement the Record (ECF No. 24).

(5:13CV2842)

## I.  Facts

Petitioner was involved in an altercation with Officer Howard Vaughn of the Akron Police Department at an Acme store on March 19, 2011.  Based upon events that took place that day, in April 2011, Petitioner was indicted on one count of retaliation, one count of resisting arrest, one count of disorderly conduct, and one count of aggravated menacing.  ECF No. 7-3. The case proceeded to a jury trial after which the jury found Petitioner guilty of all four counts. ECF No. 7-4.  In May 2012, Petitioner was sentenced to an aggregate term of two years in prison. ECF No. 7-5.

In November 2013, the Ninth District Court of Appeals of Ohio affirmed Petitioner's convictions, but remanded the case for resentencing because the trial court failed to consider whether any of his convictions merged for purposes of sentencing.  *State v. Brown*, No. 26490, 2013 WL 6123160 (Ohio App. 9th Dist. Nov. 20, 2013). (ECF No. 7-18).[1]  Petitioner did not appeal from this decision to the Ohio Supreme Court.

In December 2012, Petitioner filed a *Pro Se* Petition to Vacate or Set Aside Sentence pursuant to Ohio Rev. Code § 2953.21.  ECF No. 7-20.  Each of the three habeas claims in the case at bar were generally raised in this petition for post-conviction relief, but were not raised

---

[1]  The denial of Petitioner's motion for a continuance (ECF No. 24-1), filed on the morning trial was to commence, was not presented as error on direct appeal.  *See* ECF No. 7-16 at PageID #: 782.

2

(5:13CV2842)

previously on direct appeal.[2]  The Petition was denied on the merits in February 2013 (ECF No. 7-22); and the judgment was not appealed.

The claims were attempted to be revived in two Ohio R. Civ. P. 60(B) *pro se* motions (ECF Nos. 7-2 at PageID #: 124 and 7-23) filed in July 2013, which were treated by the trial court as untimely successive post-conviction applications, and denied as barred by *res judicata* (ECF No. 7-26).  Petitioner filed a *Pro Se* Notice of Appeal (ECF No. 7-27) in the Ninth District Ohio Court of Appeals from the trial court's judgment denying relief from judgment.  No appeal number was assigned to the notice of appeal and no briefing was ever ordered by the state appellate court.  Moreover, Petitioner apparently did not take any steps to perfect his appeal.[3]

---

[2]  Petitioner attaches to his Objections a *pro se* document filed on July 2, 2013 in the Ninth District Court of Appeals of Ohio (ECF No. 22-1).  It requested that the state appellate court "expressly waive through counsel, the State of Ohio's Exhaustion Requirements."  ECF No. 22-1 at PageID #: 1066.  He argues the claim of ineffective assistance of appointed appellate counsel presented in ECF No. 22-1 "clearly embodied the claims of Grounds One, Two and Three of the instant matter."  ECF No. 22 at Page ID #: 1051.  Moreover, Petitioner contends the state appellate court recognized his ineffective appellate counsel claim in its ruling (ECF No. 22-2) denying the request.  ECF No. 22 at Page ID #: 1052.  But, as stated above, Petitioner did not appeal from the November 2013 direct appeal decision to the Ohio Supreme Court.  *See Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990) (exhaustion requirement properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims).

[3]  A notice of appeal must be filed in the trial court where the decision was filed. *See* Ohio App. R. 3(A); *In re Terrance P.*, 124 Ohio App.3d 487, 489 (1997). Petitioner's notice of appeal, however, was filed in the court of appeals, not the trial court.  Respondent submits that this is why the appeals court apparently never docketed the appeal and no appeal case number was ever assigned to the notice of appeal.  *See* ECF No. 7 at PageID #: 103 n. 4.

(5:13CV2842)

In February 2014, Petitioner filed a *Pro Se* Application to Reopen Appeal Under Ohio App. R. 26(B).  ECF No. 7-19.  Finding that Petitioner had not demonstrated that the performance of his appellate counsel was deficient or that he was prejudiced by it, the application for reopening was denied by the Ninth District Ohio Court of Appeals.  *State v. Brown*, No. 26490 (Ohio App. 9th Dist. March 24, 2014). (ECF No. 18-1).  Petitioner did not appeal this decision to the Ohio Supreme Court.

In March 2014, Petitioner was sentenced to a definite term of two (2) years in prison. ECF No. 7-28.  Petitioner did not appeal his resentencing.

On December 20, 2013,[4] Petitioner filed the instant Petition for a Writ of Habeas Corpus (ECF No. 1).[5]  It was received by the Court on December 30, 2013.

**II.  Standard of Review for a Magistrate Judge's Report and Recommendation**

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).

---

[4]  Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his petition on December 20, 2013.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

[5]  Petitioner's term of incarceration expired on or about March 27, 2014.  *See* Petitioner's Motion to Amend Relief Sought (ECF No. 8) at PageID #: 924.  Petitioner is not serving any post-conviction release period and is not under the supervision of the Ohio Adult Parole Authority.  *See* Reply Memorandum (ECF No. 19) at PageID #: 1002; Respondent's Notice of Supplementation of Return of Writ (ECF No. 20).  Because Petitioner was "in custody" when he filed his Petition three months prior to his release date, the Court has jurisdiction over the Petition. *See York v. Tate*, 858 F.2d 322, 324-25 (6th Cir. 1988) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238-39 (1968)).

4

(5:13CV2842)

A district judge:

> must determine de novo any part of the magistrate judge's disposition that has
> been properly objected to.  The district judge may accept, reject, or modify the
> recommended disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate

Judge's Report to which Petitioner has properly objected.

### III.  Law & Analysis

**A.  Petitioner's Motion to Supplement the Record (ECF No. 24)**

In a prior Motion (ECF No. 14), Petitioner sought an expansion of the record with seven

items.  *See* ECF No. 14 at PageID #: 970-71; Response to Motion to Supplement the Record

(ECF No. 25) at PageID #: 1094.  The Magistrate Judge denied the motion finding that the state's

court record provided by Respondent is sufficient to resolve the Petition.  ECF No. 21 at PageID

#: 1042.

On April 1, 2015, Petitioner filed a Motion to Supplement the Record (ECF No. 24) with

the following:  1) a copy of Defense counsel's motion to continue trial filed on the morning trial

was to commence, March 29, 2012 (ECF No. 24-1); and, 2) a copy of 16 pages from his trial

transcript from the challenged conviction detailing the trial court's pretrial hearing and ruling on

the defendant's motion to continue trial (ECF No. 24-2).

Rule 7 of the Rules Governing Section 2254 Cases confers on the Court the authority to

expand the record with materials relating to the petition.  It authorizes a court to expand the

5

(5:13CV2842)

record with materials relating to the petition:

> **(a) In General.**  If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.  The judge may require that these materials be authenticated.
> **(b) Types of Materials.**  The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge.  Affidavits may also be submitted and considered as part of the record.
> **(c) Review by the Opposing Party.**  The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

*Id.*  According to the Advisory Committee Notes, the purpose of the rule is not only to enable the court to consider the merits of claims without an evidentiary hearing, but also to assist the court in determining whether an evidentiary hearing is warranted.  *See also Blackledge v. Allison*, 431 U.S. 63, 81 (1977).  The decision whether to order an expansion of the record under Rule 7 falls within the sound discretion of the district court.  *See Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988).

To the extent that the documents sought to be supplemented may be useful in determining whether procedural default can be excused and the habeas claims reviewed on the merits, Respondent provides the Court with a copy of the entire 185-page transcript volume from the morning session of the first day of Petitioner's trial that contains the 16 pages relied upon by Petitioner.  *See* Trial Transcript Vol. 1 (ECF Nos. 25-1 and 25-2) (the transcript volume contains pretrial motion rulings and voir dire).  Respondent also provides the Court with a copy of the transcript from the February 7, 2012 pretrial hearing conducted by the trial court.  *See* Hearing Transcript (ECF No. 25-3).

(5:13CV2842)

A continuance of trial was sought because two defense subpoenas filed with the Summit

County, Ohio Clerk of Courts on March 15, 2012 (two weeks prior to the March 29, 2012 trial

date), were never returned and the subpoenaed material was not produced.  *See* ECF No. 24-1;

ECF No. 7-2.  One of the subpoenas sought the transcript from Petitioner's October 2007 Akron,

Ohio Municipal Court conviction for disorderly conduct and menacing, in *State v. Brown*, No. 07

*CRB 09495 (Akron Municipal Court filed Aug. 4, 2007)* , at which an Officer Vaughan testified

against Petitioner.  The other subpoena sought the "unaltered" Acme store surveillance camera

recording for the 2011 incident in the challenged conviction.[6]  The following discussion took

place during the February 7, 2012 pretrial hearing:

> THE DEFENDANT:  I believe Mr. Perry [Defense counsel] got my tape,
> the tape from Acme, the original document.  He subpoenaed Acme on the 20th -- I
> wish I would have brought my letter.  He subpoenaed Acme on the 20th.
> As his subpoena directly reads, in lieu of an appearance in court, send me
> a CD/DVD copy of the time/date in question on the CD.  Okay.
> On the 25th -- on the 25th, we was here in court.  And -- I had a court date
> on the 25th.  And on the 25th, my docket reads, Acme returned subpoena,
> 1-25-2012.
> And it's got his name, Job Perry.
> THE COURT:  Right.
> And Mr. Perry stood in court and told me that he had been informed that
> the original had been produced years ago, whenever this started, a year ago, and
> *that's the only one there is*.
>
> \*   \*   \*   \*

ECF No. 25-3 at PageID #: 1288 (emphasis added).

---

[6]  The recording is of a 16-camera array for about fifteen to twenty minutes on the
date of the incident.  ECF No. 24-2 at PageID #: 1090, Page 19.  One of the cameras
showed footage from a far distance.  ECF No. 24-2 at PageID #: 1089, Pages 15-16.
Views from two of the 16 cameras appeared to be absent from the recording, with one
camera being "out" and the other being "unselected."  ECF No. 24-2 at PageID #: 1089,
Page 14.

(5:13CV2842)

        THE COURT:  There's no person to subpoena.  There's - - you want to see a tape.  *We have the only tape there is.  There is no other tape.*

        I understand, Mr. Brown, that you think that there is another tape that Acme has of this incident that they refuse to give to anybody.  I know you believe that to be true.

        I will tell you, Mr. Brown -- and I'm saying this with respect -- and I'm asking that you look at me while I speak with you, please.

        *There is no tape.  You think there is.  There isn't.*

        THE DEFENDANT:  You sure?

        THE COURT:  I am.

        THE DEFENDANT:  Okay.  You positive on that?

        THE COURT:  I am.

        THE DEFENDANT: Okay.

        \*   \*   \*   \*

ECF No. 25-3 at PageID #: 1290 (emphasis added).  Despite the supposed merits of the subpoenas, the CD copy of the 2011 video surveillance footage from the Acme cameras that the parties had entered into evidence at trial (State Exhibit 4) is the only version of the recording and the defense had a copy of that recording prior to trial.  The prosecutor and the trial court had no other copy of the recording to give to the defense.

Petitioner's Motion to Supplement the Record (ECF No. 24) is granted, along with Respondent's request that the transcripts he provided be added to the record as well.  ECF Nos. 24-1, 24-2, 25-1, 25-2, and 25-3 are hereby made part of the record.

### B.  The Claims Are Procedurally Defaulted

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice Sandra Day O'Connor noted in *Daniels v. United States*, 532 U.S. 374 (2001), "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Id.* at 381; *see also United States v.*

8

(5:13CV2842)

*Olano*, 507 U.S. 725, 731 (1993).  Under the doctrine of procedural default, the federal habeas

court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration

of that claim on its merits in state court, either because the petitioner failed to raise it when state

remedies were still available or because of some other violation of a state procedural rule.

*Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

   The Court agrees with the magistrate judge that Petitioner procedurally defaulted his first,

second, and third grounds for relief—circumstances that typically precludes federal habeas

review.  ECF No. 21 at PageID #: 1030-32.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)

("If a habeas corpus petitioner is barred from presenting one or more of his claims to the state

courts because of procedural default, he has waived those claims for purposes of federal habeas

corpus review. . . ."); *see also Booth v. Carlton*, No. 95-6448, 1997 WL 135495, at *1  (6th Cir.

March 24, 1997) (petitioner "procedurally defaulted his first claim as he did not present the issue

to the highest state court, *see* 28 U.S.C. § 2254(b)").  Petitioner failed to appeal the trial court's

denial of post-conviction relief, and delayed appeal of that denial is not available.  *State v.*

*Nichols*, 11 Ohio St.3d 40, 42-43 (1984) (expressly holding that an Ohio App.R. 5(A) delayed

appeal is not available for an appeal of a post-conviction relief determination because post-

conviction proceedings are considered quasi-civil in nature); *Ruark v. Warden, Ross Correctional*

*Inst.*, No. 2:12-CV-934, 2014 WL 2805096, at *2 (S.D. Ohio June 20, 2014) (citing *Nichols*).

   However, "[w]hen a habeas claim is procedurally defaulted, it may nevertheless be

considered if the petitioner shows 'cause for the procedural default and prejudice attributable

thereto. . . .'" *Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir.2005) (quoting *Murray v.*

(5:13CV2842)

*Carrier*, 477 U.S. 478, 485 (1986)); *see also Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009) ("A defendant can overcome a procedural default by showing both (a) cause for the default and (b) actual prejudice from it."). "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1989). The Court finds Petitioner has not demonstrated both cause for the procedural default and actual prejudice arising from the alleged constitutional error to excuse his procedurally defaulted claims.

Even though Petitioner has not shown "cause and prejudice," he may still be entitled to have his clams heard on habeas review if he can show that failure to do so would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In his Objections (ECF No. 22), Petitioner claims that the procedural default should be excused due to actual innocence and a fundamental miscarriage of justice when the defense never received an unaltered copy of the Acme store surveillance camera footage sought pursuant to defense subpoena shortly prior to trial. ECF No. 22 at PageID #: 1047-48. Petitioner has failed to support his repeated allegations that he is innocent with any evidence, much less new, reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has failed to make a strong showing of actual innocence because he does not meet the narrow exception reserved for and explicitly tied to actual innocence. Failure to meet this miscarriage of justice exception precludes review on the merits of Petitioner's procedurally defaulted claims. *See., e.g.*, *Hernandez v. Tribley*, No. 14-12206, 2015 WL 4603238, at *12 (E.D. Mich. July 30, 2015) (a miscarriage of justice will not result from the Court's failure to

10

(5:13CV2842)

address the substantive merits of petitioner's claim when he has not produced any new evidence suggesting that he is actually innocent of the charges.)  Therefore, Petitioner is bound by his procedural default and he cannot obtain habeas review of his first, second, and third grounds for relief.

### C.  Petitioner's Motion for Certificate of Appealability ("COA") (ECF No. 23)

As the Supreme Court has stated, "Congress mandates that a prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition.  Instead, petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The relevant statutory provisions are codified at 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Subsection (c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated "a substantial showing of the denial of a

11

(5:13CV2842)

constitutional right."  28 U.S.C. § 2253(c)(2).  To warrant a grant of the certificate, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because reasonable jurists could not conclude that the Court's decision denying Petitioner relief

on all of his claims is debatable or wrong, the Court concludes Petitioner is not entitled to a

certificate of appealability.  Accordingly, Petitioner's Motion for Certificate of Appealability

(ECF No. 23) is denied.

### IV.  Conclusion

Petitioner's Motion to Supplement the Record (ECF No. 24) is granted and enlarged by

Respondent's request.  Accordingly, ECF Nos. 24-1, 24-2, 25-1, 25-2, and 25-3 are made part of

the record.

Plaintiff's Objections (ECF No. 22) are overruled and the Report and Recommendation

(ECF No. 21) of the magistrate judge is adopted.  Michael E. Brown, Jr.'s Petition for a Writ of

Habeas Corpus is dismissed in its entirety as procedurally defaulted.[7]

Petitioner's Motion for Certificate of Appealability (ECF No. 23) is denied.  The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

---

[7] To the extent Petitioner expected further communication on his Motion for an
Evidentiary Hearing (ECF No. 2), it is denied with prejudice as no additional evidence is
needed to adequately address Petitioner's claims.

12

(5:13CV2842)

in good faith, and that there is no basis upon which to issue a certificate of appealability.  28

U.S.C. § 2253(c); Fed. R. App. P. 22(b).


      IT IS SO ORDERED.


  August 14, 2015                         /s/ Benita Y. Pearson
Date                                  Benita Y. Pearson
                                    United States District Judge